UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SEANAH DIXON and TONEY A. WHITE,<br><br>　　　　　　　　　　　　Plaintiffs<br><br>v.<br><br>JESSICA PERKINS JEFFERSON, et al.,<br><br>　　　　　　　　　　　　Defendants | Case No. 2:24-cv-01376-GMN-MDC<br><br>ORDER GRANTING MOTION TO EXCLUDE CASE FROM MEDIATION<br><br>(ECF No. 31) |

　　　　Plaintiffs Seanah Dixon and Toney A. White, who are incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), filed this civil-rights action under 42 U.S.C. § 1983.  The Court screened Plaintiffs' Third Amended Complaint, deferred ruling on their applications to proceed *in forma pauperis* ("IFP"), and found that Plaintiffs stated several colorable claims. (ECF No. 29.)  The Court also stayed this case for 90 days to allow the parties an opportunity to settle their dispute with the help of the Court's Inmate Early Mediation ("IEM") Program. (*Id.* at 24–26.)  Plaintiffs have filed a Motion to Exclude this Case from Mediation (ECF No. 31), and Interested Party NDOC filed a Response stating that it has no objection to excluding this case from mediation. (ECF No. 34.)

　　　　The Court makes no representations on the assertions in Plaintiffs' Motion, but in this case, it appears that requiring the parties to mediate would not be an efficient use of the IEM Program's limited resources at this time.  The Court therefore grants Plaintiffs' motion, lifts the stay, and sets this case on the normal litigation track under the Federal Rules of Civil Procedure.  However, the parties are free to engage in settlement discussions on their own.

　　　　With respect to Plaintiffs' Motion, it is therefore Ordered that:

　　　　1.　　The Motion to Exclude this Case from Mediation (ECF No. 31) is granted.

　　　　2.　　This case is removed from the IEM track and set on the normal litigation track.

　　　　3.　　The IEM conference set for January 16, 2026, is vacated.

With respect to this case going forward, it is further Ordered that:

1. Plaintiffs' IFP Applications (ECF Nos. 4, 6) are granted, as it does not appear that either Plaintiff can prepay the full filing fee in this matter. Plaintiffs shall not be required to pay an initial installment of the filing fee. In the event that this action is dismissed, each Plaintiff still must pay the full filing fee pursuant to 28 U.S.C. § 1915(b)(2). *See Johnson v. High Desert State Prison*, 127 F.4th 123, 128–34 (9th Cir. 2025) (explaining that each prisoner-plaintiff in a multi-plaintiff case is responsible for the full filing fee).

2. The movants herein are permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.

3. Under 28 U.S.C. § 1915, the Nevada Department of Corrections will forward payments from the account of **TONEY A. WHITE, #1214172** to the Clerk of the United States District Court, District of Nevada, at a rate of 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk will send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections** at formapauperis@doc.nv.gov.

4. Under 28 U.S.C. § 1915, the Nevada Department of Corrections will also forward payments from the account of **SEANAH DIXON, #62866** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk will send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections** at formapauperis@doc.nv.gov.

5. The Clerk of the Court shall electronically **SERVE** a copy of this order and

a copy of Plaintiffs' Third Amended Complaint (ECF No. 26) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

6. Service must be perfected within ninety (90) days from the date of this order pursuant to Fed. R. Civ. P. 4(m).

7. Subject to the findings of the screening order (ECF No. 29), within twenty-one (21) days of the date of entry of this order, the Attorney General's Office shall file a notice advising the Court and Plaintiffs of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service; and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file, under seal, but shall not serve the inmate Plaintiffs the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es).

8. If service cannot be accepted for any of the named defendant(s), Plaintiffs shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiffs shall provide the full name and address for the defendant(s).

9. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the Third Amended Complaint (ECF No. 26) within sixty (60) days from the date of this Order.

10. Plaintiffs shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. If Plaintiffs electronically file a document with the Court's electronic-filing system, no certificate of service is required.

Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1.  However, if Plaintiffs mail the document to the Court, Plaintiffs shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants.  If counsel has entered a notice of appearance, Plaintiffs shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein.  The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

      11.    This case is no longer stayed.

DATED: December 17, 2025

_____
Gloria M. Navarro, Judge
United States District Court